# THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN F. SCHLOSSER v. CHARLES H. PORTER.

*Justice of the peace — commitment by, for a criminal contempt — right of the accused to produce evidence — Code of Civil Procedure, secs. 2870–2874.*

In proceedings before a justice of the peace to procure the commitment of one alleged to have been guilty of a criminal contempt, as provided by sections 2870 to 2874 of the Code of Civil Procedure, the party accused is entitled to be sworn and to testify in his own behalf, and to have the testimony of witnesses produced by him taken, and a refusal of the justice to receive such testimony will render the commitment void.

CERTIORARI to review the conviction of the relator of a criminal contempt.

Upon his trial the relator sought to give testimony himself, and to have the testimony of certain witnesses produced by him taken, in order to establish the truth of the facts set up as a defense. The justice refused to receive the evidence.

*H. H. Hustis*, for the relator

GILBERT, J.:

Justices of the peace have no inherent power to commit for criminal contempt, but the legislature has conferred the power upon them in certain specified cases. Their jurisdiction is limited to

those cases. No question has been raised whether the power can be exercised when the alleged contempt was committed while the justice was sitting as a Court of Special Sessions, nor have we examined that question. The only statute on the subject that we are aware of is contained in sections 2870 to 2874 of the Code of Civil Procedure. That authorizes a justice of the peace to punish for a criminal contempt a person guilty of disorderly, contemptuous or insolent behavior towards him while engaged in the trial of an action, the rendering of a judgment, or any other judicial proceeding, when such behavior directly tends to interrupt or to impair the respect due to his authority. But the accused cannot be punished until an opportunity has been given him to be heard in his defense. The justice also is required to make up, subscribe and file a record of conviction, stating therein the particular circumstances of the offense. Provision is made for a review of the proceedings of the justice by *certiorari* (Code of Civil Pro., §§ 2120, 2148), the questions involving the merits which may be determined by this court are specified (sec. 2140), and power is given to the court upon the hearing to annul or modify the conviction. (Sec. 2141.)

The return in this case is defective in not setting forth the record of conviction. But the view we have taken of the case as presented renders a correction of the return unnecessary. We are of opinion that the respondent did not afford the relator the opportunity of being heard in his defense which the law required. (Code of Civil Pro., § 2872.) The practice governing such a proceeding is not prescribed by statute. Some mode of proving that the alleged contempt was not committed, however, is necessarily implied in a hearing of a party accused in his defense, for otherwise the opportunity of being heard would be unavailing. A hearing of allegations merely, without evidence to sustain them, would be nugatory as a defense. Accordingly such evidence has always been received in courts of record, in some cases in the form of answers to interrogatories, in other cases in the form of affidavits. In cases of contempt committed before courts of justices of the peace the defense may be made in a less formal manner, by an oral examination of the accused and his witnesses, or it may be made by affidavit. The mode of making the proof, there being no statute on the subject, is not material, provided it is conformable to the usual

practice in analogous cases. But the right of making the proof in some mode is a substantial one and rests upon an invariable maxim of the common law. The recitals in the warrant of arrest are by no means conclusive. Such a doctrine would be subversive of the protection which the law affords to every person accused of an offense. The accusation must be distinctly made, the accused must be allowed to disprove it, and then the determination of the justice of the peace may be reviewed upon the facts as well as the law. (Code of Civil Pro., § 2140, sub. 5.) The remedy by *certiorari* has been thus greatly enlarged.

We think that the exclusion of the evidence offered by the relator was erroneous and rendered the commitment void. (*Pitt* v. *Davison*, 37 N. Y., 235; *People ex rel. Mayor* v. *Nichols*, 79 id., 588; *In re Pollard*, Law Rep., 2 P. C. App., 106.)

The conviction must be reversed.

BARNARD, P. J., and DYKMAN, J., concurred.

Conviction reversed.